Sutton *v.* Sutton.

(Division A. Oct. 27, 1930.)

[130 So. 504. No. 28772.]

**C. E. Thompson,** of Prentiss and **G. Wood Magee,** of Monticello, for appellant.

**Livingston & Milloy,** of Prentiss, for appellee.

Argued orally by **C. E. Thompson,** for appellant, and by **W. H. Livingston,** for appellee.

**Cook, J.,** delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Jefferson Davis county confirming the title of certain

particularly described lands in the appellee, G. W. Sutton, as against the appellant, Truly Sutton, and also cancelling a certain deed from one Peter M. Price and wife to the appellant conveying to her an undivided interest in said lands.

The appellant, Truly Sutton, filed a bill of complaint against G. W. Sutton alleging, in substance, that she was the sole heir at law of her father, Oliver L. Sutton, who died intestate in September, 1913; that some time in the year 1910 her father and his brother, G. W. Sutton, the appellee, and one Peter M. Price agreed among themselves to purchase a certain tract of land therein particularly described; that it was agreed between them that the said Price should pay one-half of the purchase price of two thousand three hundred twenty-five dollars, while her father and the appellee should each pay one-fourth of said purchase price, and that, after the purchase price of the land had been fully paid, it should be divided between them by the execution of mutual deeds conveying to Price the west half of said tract of land, and to her father, Oliver L. Sutton, the northeast quarter thereof, and to the appellee the southeast quarter thereof. It was further charged that appellant's father paid his one-fourth of said purchase price, amounting to five hundred eighty-one dollars and twenty-five cents, but that Price and the appellee were unable to pay in full their proportionate part thereof, and therefore it became necessary to execute a deed of trust on the land to secure the balance due by them, and that it was agreed that the title should be taken in the name of Price and the appellee so as to enable them to execute this deed of trust without her father being required to sign the notes and join in the deed of trust executed to secure this balance; that the purchase of the land was consummated in accordance with the terms of this agreement, and with the understanding and agreement that, when the balance of the purchase price had been paid, Price and the appellee would execute deeds conveying to appellant's father his

one-fourth interest in the land; that the appellee and Price afterwards paid the balance due by them, but all the parties neglected to execute deeds to each other, and continued to neglect the same until the death of her father in 1913; that he died seized and possessed of an undivided one-fourth interest in said land, and, after she became of age in 1925, she demanded of appellee that he convey to her the northeast quarter of said land and account to her for the rents and profits thereof, which he refused to do. The prayer of the bill was for a decree awarding to her one-fourth of the land and the rents and profits derived therefrom since the death of her father, or, in the alternative, that she be granted a decree against the interest of the appellee in the tract of land for five hundred eighty-one dollars and twenty-five cents, the amount paid by her father on the purchase price thereof, with interest.

After the filing of this original bill, the appellant executed a quitclaim deed conveying to Price all her interest in the west half of the tract of land, while Price and his wife conveyed to appellant their interest in the northeast quarter of the land. The appellant and Price thereupon executed quitclaim deeds conveying to the appellee all their interest in the southeast quarter of the land, and tendered these deeds to the appellee in exchange for deeds to the respective interest claimed by them, but the appellee refused to exchange deeds with them. Thereafter the appellant filed an amended bill in which Peter M. Price was joined as complainant, which, in addition to the averments and the prayer of the original bill, set forth the last above-mentioned conveyances, and prayed that the title to the west half of the land be confirmed in the complainant, Price.

The appellee filed an answer denying that appellant's father, Oliver L. Sutton, paid any part of the purchase price of said land, or acquired any interest in the land, and charged that the appellee paid one-half of said purchase price and Peter M. Price the other half, and fur-

ther set up title acquired by ten years adverse possession of the land. He also made his answer a cross-bill and asked for the cancellation of the deed from Price and wife to the appellant. The appellant and Price answered the cross-bill, and set up that, shortly after the death of Oliver L. Sutton, the appellee was appointed guardian of the appellant and continued to act as her guardian until she became of age in 1925, and that consequently he could not claim title by adverse possession as against her, his ward. Thereafter the appellee and Price exchanged deeds in settlement of the controversy as between them, and thereupon the cause proceeded to trial between the appellant and the appellee.

Upon the proof offered at the hearing of the cause, the chancellor entered a decree finding "that Oliver L. Sutton, the father of the complainant, Truly Sutton, as a matter of fact, by an understanding had with Peter M. Price and the defendant, G. W. Sutton, on the occasion of the purchase of said land in question, acquired a one-fourth interest in and to the lands described in the original bill of complaint, that is, . . . and that the said Oliver L. Sutton paid the sum of five hundred eighty-one dollars and twenty-five cents therefor, which was one-fourth of the entire purchase price of said land described in the said bill of complaint, . . . but the court holds that the burden rests on the complainant to show not only that the said Oliver L. Sutton acquired an interest in said land but must carry the burden that the said Oliver L. Sutton owned said interest in said lands at his death, which occurred in September, 1913, and that the complainant has not met this burden with the preponderance of the evidence." The decree then denied the complainant all relief prayed for, and canceled the deed from Peter M. Price and wife to the appellant, Truly Sutton, and confirmed in the defendant, G. W. Sutton, as against the appellant, Truly Sutton, the title to the land described in the bill of complaint, and taxed the appellant with all costs of the suit.

The proof amply supports the finding. of the chancellor to the effect that the appellee, Peter M. Price, and the appellant's father agreed to become jointly interested in a purchase about to be made, in which the appellee and Peter M. Price were to acquire the title to all of the land and convey one-fourth thereof to Oliver L. Sutton when the entire purchase price had been paid, and that, at or before the time of the conveyance to the appellee and Price, Oliver L. Sutton paid in cash his entire proportionate part of the purchase price of the land, and thereby acquired a one-fourth interest in the land by reason of the resulting trust thus created; but, having found these facts in favor of the appellant, we think the court applied an erroneous rule in holding that the burden of proof was on the appellant to show, not only that her father acquired this interest in the land, but that he continued as the owner thereof until his death. The general rule is that, where the ownership of property is shown to be in a certain person prior to his death, the legal presumption is, in the absence of evidence to the contrary, that the property continued to be his up to the time of his death. Newman v. Greenville Bank, 67 Miss. 770, 7 So. 403; 22 C. J., p. 90; In re Fisher's Estate, 128 Iowa 18, 102 N. W. 797; 9 Ency. of Evidence (1 Ed.), p. 910, and authorities there cited.

The chancellor's decree shows that he did not apply this rule in passing upon the evidence offered by the respective parties, and consequently the decree will be reversed, and the cause remanded.

Reversed and remanded.